UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMERALD M. BAKER,

    Plaintiff,

v.                                                                                      Civil Case No. 18-11234
                                                                                     Honorable Linda V. Parker

CHANTEL ROGERS, ET AL.,

    Defendants.
_____/

**<u>OPINION AND ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; (2) SUMMARILY DISMISSING COMPLAINT WITHOUT PREJUDICE; AND (3) DENYING WITHOUT PREJUDICE MOTION FOR TEMPORARY RESTRAINING ORDER</u>**

On April 18, 2018, Plaintiff filed this pro se lawsuit against Defendants, claiming that they violated her constitutional rights by removing her children from her care. Plaintiff names sixteen individuals as defendants, identifying one as a Michigan State court referee, but indicates that she plans to add other individuals to the lawsuit. Plaintiff asks the Court to return the children to her care and award her $4 billion in damages for the violation of her civil rights. On April 18, 2018, Plaintiff also filed an application to proceed in forma pauperis in this action pursuant to 28 U.S.C. § 1915. On April 26, 2018, she filed a "Request for Emergency TRO and Ex-Parte Order Return of Child to Parent the Plaintiff." (ECF No. 4.)

Section 1915 requires a court to dismiss a case in which the plaintiff proceeds in forma pauperis "at any time if the court determines that . . . (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). There are at least two reasons why Plaintiff's Complaint is subject to summary dismissal under this section.[1]

First, federal courts lack jurisdiction to issue child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Hooks v. Hooks*, 771 F.2d 935, 942 (6th Cir. 1985) ("Traditionally, the federal courts have declined to accept jurisdiction over parent-child, domestic relations or custody disputes and in adoption matters subject to state law and state court disposition."). Thus, to the extent Plaintiff seeks to have her children returned to her, such relief is beyond the jurisdiction of this Court.

While Plaintiff asserts that Defendants violated her constitutional rights, the gravamen of her Complaint is the deprivation of custody. *See Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1216 (6th Cir. 1981) ("It is incumbent upon

---

[1] Plaintiff's civil rights claims against Michigan State Court Referee McGuire also would be subject to dismissal because this defendant enjoys absolute immunity from civil suits for money damages for actions complaining of rulings and actions taken during state court proceedings. *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *Johnson v. Turner*, 125 F.2d 324, 333 (6th Cir. 1997).

the district court to sift through the claims of the complaint to determine the true character of the dispute to be adjudicated"). She does not describe any other conduct to be violative of her constitutional or federal rights. What she is claiming is that Defendants wrongfully removed the children from her care. "[F]ederal courts do not have jurisdiction over a claim where the [civil rights] action is a mere pretense and the suit is actually concerned with custody issues." *Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir. 1988) (citing *Jagiella v. Jagiella*, 647 F.2d 561, 565 (5th Cir. 1981)); *Danforth v. Celebrezze*, 76 F. App'x 615 (6th Cir. 2003) (affirming district court's summary dismissal of the plaintiff's civil rights complaint, finding that the action "essentially is a pretense to obtain federal review of domestic relations matters").

Second, a decision in this matter would necessarily require the Court to evaluate the correctness of the state court's decision to remove Plaintiff's children from her care. In other words, through this action, Plaintiff is attempting to challenge state court removal proceedings. Federal district courts generally lack jurisdiction to review and determine the validity of state court judgments. *See, e.g. Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("emphasiz[ing] that appellate jurisdiction to reverse or modify a state-court judgment is lodged, initially by § 25 of the Judiciary Act of 1789, 1 Stat. 85, and now by 28 U.S.C. § 1257, exclusively in [the United States Supreme Court]."). A

party seeking to appeal an adverse decision of a state trial court must do so through the Michigan Court of Appeals, an application for leave to appeal to the Michigan Supreme Court, and thereafter an application for a writ of certiorari before the United States Supreme Court. *See District of Columbia Circuit Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008). Federal review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257.

For these reasons, the Court is **GRANTING** Plaintiff's application to proceed in forma pauperis under 28 U.S.C. § 1915. The Court concludes, however, that Plaintiff's Complaint must be **SUMMARILY DISMISSED WITHOUT PREJUDICE** under § 1915(e)(2)(B). The Court, therefore, denies without prejudice Plaintiff's motion for a TRO.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 27, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 27, 2018, by electronic and/or U.S. First Class mail.

s/ R, Loury
Case Manager